THE CITY OF KANSAS CITY v. JAMES S. BERMINGHAM, as Administrator of the Estate of Thomas Sewell, deceased.

1. EVIDENCE—No Contributory Negligence. Evidence examined, and found to support the verdict and special findings of the jury, that there was no contributory negligence.

2. INSTRUCTIONS—No Error. That it was not error in the instructions given by the trial court, to speak of an opening in a sidewalk as a "defect or excavation," under the circumstances of this case.

3. —— Several instructions examined, and held to be correct.

4. INSTRUCTION, Not Repeated. Where the court instructs the jury fully upon contributory negligence, it is under no obligation to repeat such instruction in another form, at the request of the defendant.

5. ———— *No Error.* Special instructions asked and refused examined, and *held* that no error was committed.

6. GUARDS AND SIGNALS, *by Contractor, Not City.* It was not error for the court to instruct the jury that, if the contractor of the building being erected provided and maintained reasonably safe guards, or signals, to protect persons traveling along the sidewalk in front of the same, this would relieve the city from liability the same as though such guards and signals had been placed and maintained there by the city.

7. ANSWERS, *Not Evasive.* Answers to special questions examined, and *held* not to be evasive, and supported by some evidence.

*Error from Wyandotte District Court.*

THE material facts are stated in the opinion.

*W. S. Carroll*, for plaintiff in error.

*J. O. Fife*, for defendant in error.

Opinion by GREEN, C.: James S. Bermingham, as administrator of the estate of Thomas Sewell, brought this action in the district court of Wyandotte county, against the city of Kansas City, to recover damages for the wrongful killing of his intestate, alleged to have been caused by the negligence of the city, in permitting an excavation in the sidewalk on the west side of James street, and within the corporate limits of the city, to remain unprotected by barriers and lights, or other signals to warn people of the danger of falling into the same. It appears that a building was being erected on the street in question, and an excavation had been made in the sidewalk for an area-way under the same seventy-two feet long, twelve feet wide and seven or eight feet deep, and it is claimed that this excavation was not sufficiently protected, especially upon the south end; the only protection being a board nailed to the side of the building, immediately south of the building, some three feet above the sidewalk and slanting diagonally to the outside line of the curb, a distance of twelve feet. It is claimed that there were no lights or barriers, other than this board, on the south side of the excavation, and that on the night of the 27th of July, 1886, Thomas Sewell fell

into this excavation and was killed, from the carelessness and negligence of the defendant below. At the July term, 1887, the action was tried by a jury, and a verdict and judgment were rendered in favor of plaintiff for $5,000. The city, claiming that there were errors upon the trial in the district court, brings the case here for review.

I. The first claim made by the city is that there was contributory negligence, without which the injury could not have occurred; and that the verdict and findings were against the evidence and contrary to the law as given by the court. We have carefully considered the entire record in this case, and there is certainly some evidence to support the verdict and the special findings of the jury. One witness testified that he saw the deceased about half-past nine o'clock on the night of the 27th of July; that he was sober and in good health. He was found on the following morning in the excavation dead; and in answer to special questions the jury said that he was not intoxicated on the night of the accident. It was disclosed in the evidence that a bottle was found upon his person, containing liquor, but there is nothing in the record to indicate that he was under the influence of liquor, when last seen on the night in question. There is evidence sufficient in the record to support the findings and verdict of the jury.

II. The plaintiff next complains that the court erred in giving the first and second paragraphs of the sixth instruction, which reads:

"Before the plaintiff can recover a judgment in this action, it must appear by a preponderance of the evidence: (1) That plaintiff's intestate, Thomas Sewell, was killed as the result of a defect, or excavation in the sidewalk on James street in the defendant city, and that such excavation was left in an unsafe condition, and (2) that said city or its officers were negligent in permitting said sidewalk to remain in said unsafe condition at the time said Thomas Sewell is alleged to have been killed. To charge the defendant with negligence, it must appear that the proper officers of the city had notice of the unsafe condition of the sidewalk in time to

have prevented the killing of Thomas Sewell by falling into said excavation, or that by the exercise of reasonable and ordinary care and diligence, they could have known of the unsafe condition of said sidewalk in time to have prevented such killing. By reasonable and ordinary care and diligence, is meant that degree of care and prudence which an ordinarily careful and prudent man would reasonably be expected to use under similar circumstances."

Counsel contends that the jury were misled by the court's instruction in calling the opening in the sidewalk a "defect," and that attention should have been directed more particularly to the question of the sufficiency of the guard and signal lights. Possibly the instruction may be subject to some criticism in the language used, but it will be noticed that the court referred to this place as a "defect or excavation," and in one sense it was a defect — that is, there was a want of something necessary to make a complete sidewalk along James street, and to that extent it might be reasonably characterized as a defect. We do not think the language used in the instruction is prejudicial error.

III. The city complains of the seventh, eighth, ninth and tenth instructions. In the seventh instruction, the court told the jury that every person "is presumed to act with ordinary care and prudence, until the contrary appears." The eighth instruction counsel contends to be good law in the abstract, but bad law as applicable to the case at bar. The court simply stated the law as to the liability of cities for negligently permitting dangerous defects to remain in sidewalks, no matter how such condition was caused. The ninth instruction is a correct statement of the law with reference to the use of the sidewalk, and the qualifying clause, "not already otherwise in use," contended for by counsel, was not necessary to make the instruction good. The tenth instruction is in regard to the necessity of notice, and the court correctly stated that it was not necessary that the city should have actual notice of the unsafe and dangerous condition of the sidewalk, if the jury should find that the dangerous con-

dition had existed a sufficient length of time before the accident to have enabled the city, through its officers, by ordinary care and diligence, to have known of the existence of such defects and remedied the same. Counsel makes the same criticism upon the court's language of "unsafe and dangerous condition of the sidewalk," which we have already noticed, and contends that in keeping before the jury the defective condition of the walk, instead of the defective manner of guarding, or of giving notice of the condition, which he claimed was legal and permissive. We do not think the jury could have been misled by any of these instructions complained of, especially when taken in connection with the entire charge of the court.

IV. Counsel for the city asked certain instructions upon contributory negligence which were refused, and this, he contends, is error. The court fully instructed the jury upon contributory negligence, and was under no obligation to repeat such instruction, in another form, at the request of the defendant below.

V. The next error which counsel contends for is the refusal of the court to submit certain questions to the jury. The first question refused reads as follows:

"From all the surrounding circumstances, the erection of the building, the building material on the street, and the location of Sewell's residence, with relation thereto, and the direction to travel to and from his work, do you find that the deceased knew or had good reason to know of the excavation and its surroundings at the time he sustained the injuries that caused his death?"

While the court might with propriety have submitted this question to the jury, we do not think that it was prejudicial error to refuse the same, inasmuch as a number of the questions, with reference to the condition of the sidewalk and the sufficiency of the protection and signal lights, were submitted.

The tenth special question, refused, reads as follows:

"If you find that such guards and lights were there at the excavation, and that they were not sufficient to notify Sewell

of the excavation, state what in your opinion would be reasonably necessary in the shape of guards and lights to have given any travelers on the sidewalk, exercising ordinary care, notice?"

Clearly this question was properly refused by the court. The jury impaneled was simply to try the issues joined in the particular case, and it would not have been proper, by any question submitted to them, to call forth an opinion as to what was necessary to properly guard this excavation, and we think the question was very properly refused.

VI. We see no error in the last instruction given by the court, of its own motion, which counsel for plaintiff in error contends was erroneous. The court told the jury in its instruction, that if the contractor of the building being erected provided and maintained reasonably safe guards or signals, to protect persons traveling along the sidewalk in front of the building from injury, this would relieve the city from liability the same as though such guards and signals had been placed and maintained there by order of the city, and we think this is a correct statement of the law.

VII. The final error contended for is, that the answers to the special questions were evasive, untrue, and not directly responsive to the questions themselves; but we do not think this position of counsel well taken. We have examined each special question answered by the jury in this case, and we think the answers are direct and intelligent responses to the questions propounded, and are each and all supported by some evidence.

There is no error in the record, as brought to this court, and we recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.